**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GEORGE GADD                                                                        PLAINTIFF

v.                                             No. 4:09CV00866 JLH

UNITED STATES OF AMERICA;
ERIC HOLDER, JR., Attorney General;
U.S. DEPARTMENT OF JUSTICE; and
ERIC K. SHINSEKI, Secretary,
U.S. DEPARTMENT OF VETERANS AFFAIRS                              DEFENDANTS

<u>**OPINION AND ORDER**</u>

George Gadd brought this action for damages and injunctive relief following the disclosure

of his medical records to employees of the U.S. Department of Justice ("DOJ") Drug Enforcement

Administration ("DEA").  In Count I, the complaint alleges that the U.S. Department of Veterans

Affairs ("VA") violated the terms of the Privacy Act, 5 U.S.C. § 552a (2006), by disclosing Gadd's

confidential medical records to Assistant U.S. Attorney Dan Stripling.  In Counts II through IV, the

complaint alleges that DEA employees disclosed the medical records that Gadd submitted with a

request for reasonable accommodation of a disability in violation of the Privacy Act.  Gadd seeks

compensatory damages and injunctive relief.  On January 19, 2010, Eric K. Shinseki, in his official

capacity as VA Secretary, filed a motion for summary judgment as to Count I of the complaint. That

same day, the DEA and Eric Holder, Jr., in his official capacity as Attorney General, filed a motion

to dismiss or, in the alternative, for summary judgment as to Counts II, III, and IV of the complaint.

The motion to dismiss is based on the doctrine of res judicata.  For the following reasons, the motion

for summary judgment as to Count I is denied, and the motion to dismiss Counts II, III, and IV is

granted.  The motion for summary judgment as to Counts II, III, and IV is denied as moot.

**I.**

In 2008, George Gadd was employed as a diversion investigator ("DI") for the DEA.  Gadd suffered pain in his fingers as a result of neuropathy related to controlled diabetes.  His condition made it difficult for him to type.   On November 7, 2007, Gadd submitted a request for accommodation of his disability to his immediate supervisor, Carolyn Adams, for assistance with typing his reports. Attached to the request were reports from Gadd's physicians describing his diabetes, neuropathy, and carpal tunnel syndrome and recommending that Gadd restrict his walking and typing. Gadd's request was approved by Adams; by Donald Hickman, the division supervisor and diversion program manager; and by DEA headquarters in Washington, D.C.

When William J. Bryant, Assistant Special Agent in Charge ("ASAC") of the Little Rock District Office, learned that Gadd had made a request for accommodation, Bryant reviewed the request and the attached medical records.  Bryant then notified William Renton, Special Agent in Charge ("SAC") of the New Orleans Field Division, of Gadd's request.   Renton sent the accommodation request and attached medical records to the DEA Employee Relations and Health Services Unit of the Human Resources Division, which was headed by Margaret Hager, asking for a review of Gadd's medical records. Gadd argues that the Health Services Unit also received a copy of the medical records from Sharon Taylor in the DEA's Equal Employment Opportunity ("EEO") office.

Dr. Bahador, DEA Acting Chief Medical Officer, reviewed Gadd's medical records and determined that Gadd did not meet DEA medical standards.  On January 11, 2008, the Health Services Unit issued a medical advisory recommending that Gadd be placed on light duty until medically cleared by the Chief Medical Officer ("CMO").  On February 21, 2008, Dr. Martina Kukolja, the CMO, reviewed Gadd's medical records and issued a memorandum to Hager reporting

that Gadd could not fully perform his job duties and recommending that he remain on light duty status.

In a letter dated May 27, 2008, Hager issued a notice of proposed removal to Gadd because of his inability to work due to his medical condition.  Gadd objected to his removal, and the DEA appointed a Deciding Officer ("DO").   Gadd was permitted to provide evidence that he was physically capable of engaging in DI duties.  He submitted three letters written in June 2008 from three treating physicians who had examined him and who stated that Gadd could perform his job duties and was not restricted in his physical activities. The DO did not sustain the proposed removal. On September 24, 2008, Randi Mendelsohn, who had replaced Margaret Hager as Chief of the Health Services Unit, emailed Gadd informing him that, although the DO did not sustain the proposed removal, the previous medical advisory that prevented Gadd from returning to full duties had not been resolved.

Gadd filed a complaint with the DEA's EEO office in March 2008, alleging age and disability discrimination. On July 28, 2008, Gadd filed a complaint in this Court seeking a preliminary injunction to enjoin the DEA from removing him as an employee. *Gadd v. United States*, No. 4:08CV00636 SWW, 2008 WL 3992760 (E.D. Ark. Aug. 26, 2008) (*Gadd I*).  A hearing was set for August 21, 2008, "on the sole issue of irreparable harm."  (Pl.'s Resp. to Mot. for S.J., Ex. 2.)  During preparation for the hearing, DEA attorney Dan Stripling reviewed the medical records attached to Gadd's complaint.  Stripling then issued a subpoena to the VA for Gadd's treatment records from October 2007 forward and for Gadd's "C" file, i.e. the filing dealing with Gadd's compensation claim.  Stripling believed that the VA records would "probably contradict the assertions made in the attachments to Mr. Gadd's . . . EEO complaint."  (Def.'s Mot. for S.J., Ex. 1 ¶ 5.)  Stripling also provided the VA with a letter explaining the need for the records pursuant to

38 C.F.R. § 14.804 (2010), which states the factors that must be considered by the VA in deciding whether to authorize the disclosure of VA records.[1]  On August 13, 2008, Gayle Sipes, a staff attorney for the Office of Regional Counsel for the VA, approved the release of records based on the subpoena and the letter and forwarded the request to the VA's Health Information Management Service ("HIMS").  Judith McCool, a medical records technologist at HIMS, received the request. On August 13, 2008, an entry was made in the HIMS internal computer system, and the records were sent to Tia Enlow at the Office of Regional Counsel.  After a hearing, the plaintiff's complaint was dismissed.

In October 2008, Sean Vereault, a DEA inspector, conducted a routine inspection of the DEA's Little Rock District Office.  As part of the inspection process, he interviewed ASAC Bryant regarding the operations of the Little Rock office.  During the inspection, ASAC Bryant asked Vereault to help in resolving an issue with DEA Headquarters involving Gadd.  ASAC Bryant specifically requested assistance in having the Health Services Unit make a determination as to whether Gadd could return to full duties.  Inspector Vereault alleges that "ASAC Bryant did not ask me to examine Plaintiff's reasonable accommodation request or supporting medical information" and that he "did not review Plaintiff's medical information."  (Mot. to Dismiss Ex. 2 ¶ 16.)  Gadd argues that Vereault did in fact review his medical records.  On December 10, 2008, the medical advisories were cancelled and Gadd was cleared to participate fully in his job duties.

On December 24, 2008, Gadd filed *Gadd v. United States*, 4:08CV04229 SWW, 2010 WL 60953 (E.D. Ark. Jan. 5, 2010) (*Gadd II*).  The complaint alleged in part that the DEA violated the Privacy Act by disclosing the medical records that Gadd had submitted in support of his request for

---

[1] The parties refer to this letter as a "*Touhy* letter."  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951).

reasonable accommodation. The Court found that, although "Gadd claims defendants violated the Privacy Act when Renton disclosed the medical records submitted in support of Gadd's request for accommodation," "Gadd was the source of the medical records in dispute," and therefore the Privacy Act had not been violated. *Gadd II*, 2010 WL 60953, at **10-11. As a result, the Court granted the defendants' motion for summary judgment. On November 17, 2009, Gadd commenced the present action.

## II.

### A.    Motion for Summary Judgment on Count I

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.' " *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Defendant Eric Shinseki seeks summary judgment on Count I of the complaint, which alleges that the VA violated section 552a(b) of the Privacy Act. Section 552a(b) "prohibits federal agencies from 'disclos[ing] any record which is contained in a system of records by any means of

communication to any person . . . except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains,' " unless certain enumerated exceptions exist. *Doe v. Dept. of Veterans Affairs*, 519 F.3d 456, 460 (8th Cir. 2008) (citing 5 U.S.C. § 552a(b)) (internal citations omitted). "Section 552a(g)(1)(D) provides that any individual who suffers an 'adverse effect' because of agency failure to comply with [section] 552a(b) may bring a civil action against the agency . . . ." *Bruce v. United States*, 621 F.2d 914, 916 (8th Cir. 1980). The United States is liable for damages only when the agency "acted in a manner which was intentional or willful," and when the agency's actions resulted in "actual damages" to the plaintiff. 5 U.S.C. § 552a(g)(4); *see also Doe v. Chao*, 540 U.S. 614, 627, 124 S. Ct. 1204, 1212, 157 L. Ed. 2d 1122 (2004) (finding that a plaintiff can only recover under the Act if he has suffered some actual damages). Shinseki argues that the VA did not violate the Privacy Act because the disclosure of information pertaining to the plaintiff fell within an exception to the Act, and even if it did not fall within an exception, Gadd failed to show that he suffered an adverse affect as a result of the disclosure or that the alleged violation was willful or intentional.

For a violation to be willful or intentional,"the violation must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.' " *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (internal citations omitted). "On a continuum between negligence and the very high standard of willful, arbitrary, or capricious conduct, this standard is viewed as . . . greater than gross negligence." *Bruce*, 621 F.2d at 917 n.6 (quoting 120 Cong. Rec. 40,405-06 (1974)). "[E]vidence of conduct which would meet a greater than gross negligence standard, focusing on evidence of reckless behavior [or] knowing violations of the Act on the part of the accused, must be advanced by a claimant at the summary judgment stage in order to maintain a civil action for damages under the Privacy Act." *Moskiewicz v. U.S.D.A.*, 791 F.2d

561, 564 (7th Cir. 1986); *see also Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 424 (10th Cir. 1988) (finding that something more than gross negligence is required).  It is not enough to show that an agency may have undertaken voluntary actions which inadvertently violated some provision of the Act; rather, the plaintiff must show an "intentional or willful failure of [the] agency to abide by the Act."  *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984).

In response to the motion for summary judgment, the plaintiff cites to a declaration provided by Gayle Sipes, staff attorney for the VA, as evidence that the VA willfully violated the Privacy Act. Sipes' declaration states:

> I had worked with AUSA Stripling prior to August 2008 on various Department of Veterans Affairs cases.  I relied upon his expertise in taking the action which I took. I did not consider the possible applicability of the Privacy Act since AUSA Stripling advised me that Mr. Gadd was claiming to the Veterans Administration that he was disabled while claiming to another governmental agency that he was not disabled.

(Def.'s Mot. for S.J., Ex. 2 ¶ 4.)  Sipes relied on Stripling's assertions because of her past experiences working with him.  The plaintiff suggests that Sipes reliance on Stripling's assertions demonstrates a willful failure to abide by the Privacy Act.

The Supreme Court has said, "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552.  "A party opposing summary judgment who believes that [he] has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56(f), which requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.' "  *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)).  "The court may then

refuse to grant summary judgment, order a continuance to permit further discovery, or such other order as is just." *U.S. ex. rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (citing Fed. R. Civ. P. 56(f)). Although Gadd has the burden of proof on the issue of whether Sipes intentionally or willfully violated the Act, he has not had adequate time for discovery. Gadd has filed an affidavit pursuant to Rule 56(f), describing the facts further discovery might unveil. Therefore, the motion for summary judgment on Count I is denied without prejudice to the right of the defendant to renew the motion after adequate time for discovery.

**B.     Motion to Dismiss Counts II through IV for Res Judicata**

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

Defendants United States of America and Eric Holder, Jr., contend that Counts II through IV should be dismissed for res judicata, or claim preclusion, because Judge Wright decided in *Gadd II* that the documents at issue were not protected by the Privacy Act, and the same documents, as well as the same operative facts, are at issue in Counts II through IV.  It appears that Gadd agrees that the same documents are at issue, but he disagrees with Judge Wright's legal conclusion that those documents are not protected by the Privacy Act because they were not obtained from a system of records.  The parties have briefed the issue of whether Gadd's present claims are barred by the doctrine of res judicata, or claim preclusion, and obviously they disagree on that issue.  While there may be some doubt as to whether the claims asserted in Counts II through IV arise out of the same set of operative facts and therefore are barred by claim preclusion, the parties apparently agree that the documents at issue in Counts II through IV are the same documents that were at issue in *Gadd II*, where Judge Wright ruled that the documents are not protected by the Privacy Act.  The disposition of that issue in *Gadd II* precludes litigating that issue again here due to the doctrine of collateral estoppel, or issue preclusion.

> In the Eighth Circuit, issue preclusion has five elements:
> "(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment."

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quoting *Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1273 (8th Cir. 1997)).  All five elements of issue preclusion are present here.  Gadd was a party in *Gadd II*; the issue of whether the documents are protected by the Privacy Act is the same; the issue was actually litigated in *Gadd II*; the issue was determined by a valid and final judgment; and the determination was essential to the final judgment.  Although Gadd has appealed the

judgment in *Gadd II*, the pendency of an appeal does not suspend the operation of an otherwise final judgment for the purpose of res judicata or collateral estoppel. *In re Ewing*, 852 F.2d 1057, 1060 (8th Cir. 1988). The determination that the documents at issue are not protected by the Privacy Act is dispositive of the claims presented in Counts II through IV. Therefore, Counts II through IV are dismissed.

## CONCLUSION

For the reasons stated above, Shinseki's motion for summary judgment on Count I of the complaint is DENIED. Document #4. The motion to dismiss filed by the United States of America and Holder on Counts II through IV is GRANTED. Document #7. The alternative motion for summary judgment on Counts II through IV is DENIED as moot. Document #7.

IT IS SO ORDERED this 15th day of April, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE